**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Midway Market Square Elyria LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                       :
                                                             :     Chapter 11
                                                             :
MIDWAY MARKET SQUARE ELYRIA LLC,                             :
                                                             :     Case No.: 20-23142 (    )
                    Debtor.                                  :
------------------------------------------------------------- x

**DECLARATION OF CHAIM LOBL PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

I, Chaim Lobl, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I, through other limited liability companies I own and/or control, am the managing member of Midway Market Square Elyria LLC ("Midway" or "Debtor"), a Delaware limited liability company. Midway intends to file a voluntary chapter 11 petition with the Clerk of this Court on or about October 28, 2020 (the "Petition Date"). I am duly authorized to make this declaration (the "Declaration") on behalf of the Debtor.

2. I am familiar with the Debtor's day to day operations, business, and financial affairs, and books and records. I am above eighteen years of age and I am competent to testify.

3. I submit this Declaration in accordance with Rule 1007-2 of the Local Rules of this court (the "Local Bankruptcy Rules") to assist this court (the "Court") and parties in interest

in understanding the circumstances that compelled the commencement of the chapter 11 case, and in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, all documents available to me and my discussions with other members of the Debtor's management team as well as the Debtor's property manager. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

5. Parts I through III of this Declaration provide an overview of the Debtor's business, events giving rise to the commencement of this chapter 11 case and the Debtor's capital structure. Part IV sets forth the information required by Local Bankruptcy Rule 1007-2.

**I. THE DEBTOR'S BUSINESS**

6. The Debtor owns and operates the retail property which is a full-service shopping center located at 1180 West River Road North, Elyria, OH 44035 (the "Property").

7. Midway was originally built in 1999. The improvements were constructed between 1999-2002 and are situated on an 25.84-accre site. Midway comprises ±224,802 square feet of retail space. The Property is a three (3) building retail development and is anchored by Giant Eagle and includes one out parcel occupied by the Texas Roadhouse. Other tenants include Jo-Ann Fabrics, Pet Supplies Plus, Altitude Trampoline Park, Ross Medical Center, and Sally Beauty.

8. The Debtor acquired the Property in 2016 for a purchase price of $20,500,000. The Debtor obtained a $17.5 million acquisition loan ("Loan") from Fortress Credit Co LLC ("Fortress"). The Loan was for an initial three-year term with two one-year extension options. The Debtor's equity interest holders funded approximately $4.5 million in equity. Shortly after acquiring the Property, the Debtor successfully obtained an extension of Giant Eagle's lease and intended to refinance the Fortress Loan upon expiration of the initial three-year term.

Unfortunately, Dick's Sporting Goods which was the second anchor tenant at the Property notified Midway in mid 2019 that it intended to vacate at the end of its lease term. Fortress demanded Midway deposit an additional $810,000 for Dick's Sporting Goods replacement reserve as required by the Loan agreement.

## II. EVENTS LEADING TO THE CHAPTER 11 CASE

9. In or about February 2020, Fortress called a default under the Loan and has imposed the default interest rate of 13%. The default was based on the Debtor's failure to fund the Dick's Sporting Goods replacement reserve. The Debtor was not in payment default. Based upon the Debtor's failure to fund the replacement reserve, Fortress would not allow the Debtor to exercise the option to extend the Loan and Fortress also called a maturity default. Since the default, all of the rent paid by the tenants is paid to a lockbox controlled by Fortress which sweeps the cash and does not permit the Debtor to pay the Property's ordinary and necessary operating expenses. Fortress has refused to provide an accounting of how it has applied the approximate $165,000 per month it has been collecting from the Debtor's tenants and the statements Fortress has provided are confusing and unclear.

10. The Debtor was in late stage negotiations with Benefit Street Partners ("BSP") to refinance the Loan. In January 2020, BSP backed out of the refinancing. Thereafter, as a result of the Covid-19 pandemic, all leasing and refinancing options came to a virtual standstill. Midway's equity interest holders have contributed and/or loaned approximately $800,000 in the last year for repairs and upkeep of the Property.

11. Fortress commenced a mortgage foreclosure action in Ohio state court and sought the appointment of a receiver. The state court judge in Ohio recently indicated he is prepared to enter an order appointing a receiver. The Debtor believes the appointment of a receiver will cause further economic damages to the value of the Property.

12. The Debtor intends to utilize the tools contained in the Bankruptcy Code to hopefully reach an agreement with Fortress to restructure the Loan or if necessary, to seek confirmation of a plan under section 1129(b) of the Bankruptcy Code.

13. The Debtor intends to file contemporaneously with the chapter 11 petition a motion to utilize the rents (cash collateral) and for turn over of certain tenant reserve funds. Just prior to the Petition Date, the Debtor executed a lease with Gabe's, a well-known discount retailer, to take over the Dick's Sporting Goods space. The Debtor requires use of the tenant improvement reserve funds to perform the improvements required by the Gabe's lease. The Debtor is required to deliver the space to Gabe's on December 1, 2020 and must obtain access to the tenant reserve funds immediately in order to satisfy this time frame.

### III. PRE-PETITION CAPITAL STRUCTURE AND INDEBTEDNESS

14. As noted, the Debtor is a privately held limited liability company. As of the Petition Date, Fortress held a first mortgage secured by the Property and it is owed between $18 million and $19 million. Aside from Fortress, Midway's primary creditors are trade creditors who performed construction services at the Property, loans made by the Debtor's insiders and professional firms.

15. According to recent appraisal, I believe the fair market value of the Property exceeds the amount of Fortress' claim.

### IV. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

16. I have been advised that Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor which is set forth below.

17. In accordance with Local Bankruptcy Rule 1007-2(a)(3), there has been no prepetition committee of creditors formed in this chapter 11 case.

18.  In accordance with Local Bankruptcy Rule 1007-2(a)(4), **Exhibit A** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the twenty (20) largest unsecured claims (excluding insiders) against the Debtor.

19.  In accordance with Local Bankruptcy Rule 1007-2(a)(5), **Exhibit B** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the five (5) largest secured claims against the Debtor.

20.  In accordance with Local Bankruptcy Rule 1007-2(a)(6), **Exhibit C** hereto is a list containing a summary of the Debtor's assets and liabilities.

21.  To the best of my knowledge, none of the Debtor's property is in the possession or control of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity except as set forth above, Fortress is collecting all rents via a lockbox. In addition, Fortress has sought the appointment of a receiver which is imminent.

22.  The Debtor is not a tenant under any leases. The Debtor is a landlord pursuant to several leases at the Property.

23.  In accordance with Local Bankruptcy Rule 1007-2(a)(10), **Exhibit D** hereto is a list providing the location of the Debtor's substantial assets, the location of its books and records, and the value of any assets held by the Debtor outside the territorial limits of the United States.

24.  In accordance with Local Bankruptcy Rule 1007-2(a)(11), **Exhibit E** hereto is a list of litigation commenced against the Debtor.

25.  In accordance with Local Bankruptcy Rule 1007-2(a)(12), **Exhibit F** hereto is a list containing the names of the individuals who comprise the Debtor's existing senior management, with their tenure with the Debtor, and a brief summary of its relevant responsibilities and experience. The Debtor intends to continue to operate and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

26. The Debtor has no employees. The Debtor's property manager, Madison Properties USA, LLC, covers any payroll and generally contracts with required service providers for the Property. As set forth above, the Debtor intends to request the Court authorize the use of cash collateral to meet all necessary operating expenses of the Property.

27. The Debtor's officers, directors, and members will receive no payroll for the 30-day period following the commencement of the Debtor's chapter 11 case.

28. In accordance with Local Bankruptcy Rule 1007-2(b)(3), **Exhibit G** hereto contains the estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, for the 30-day period following the commencement of the Debtor's chapter 11 case.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 27th day of October 2020

/s/ Chaim Lobl
Chaim Lobl
*Vice President of Managing Member of Midway Market Square Elyria LLC*

# EXHIBIT A

# MIDWAY MARKET SQUARE ELYRIA LLC

# LIST OF TWENTY (20) LARGEST UNSECURED CREDITORS

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | Midway Market Square Elyria LLC | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK | ☐ Check if this is an amended filing |
| Case number (if known): | | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Ulmer & Berne LLP**<br>420 Lexington Avenue<br>Suite 2733<br>New York, NY 10170 | **Robin M Wilson**<br><br>rwilson@ulmer.com<br>216.583.7360 | **Legal Fees** | **Unliquidated** | | | $60,000.00 |
| **N.E.S. Corp.**<br>2981 Independence Road<br>Cleveland, OH 44115 | | **Trade** | **Unliquidated** | | | $37,165.00 |
| **Day One Lighting**<br>355 Spook Rock Road<br>Suffern, NY 10901 | | **Trade** | **Unliquidated** | | | $37,000.00 |
| **Reiss Sheppe LLP**<br>Attn: Stephen Friedman<br>425 Madison Avenue, 19th Fl.<br>New York, NY 10017 | **Stephen Friedman**<br><br>sfriedman@reisssheppe.com<br>(212) 753-2424 x109 | **Legal Fees** | | | | $35,000.00 |
| **QPS**<br>45085 Telegraph Road<br>Elyria, OH 44035 | | **Trade** | **Unliquidated** | | | $4,935.00 |
| **TG Consultants, Inc.**<br>185 Wheeler Avenue<br>Staten Island, NY 10314 | | **Trade** | **Unliquidated** | | | $4,349.78 |
| **Commercial Roofing**<br>P.O. Box 73<br>Garrettsville, OH 44231 | | **Trade** | **Unliquidated** | | | $3,526.00 |
| **Mozes Guttman CPA**<br>2 Skillman Street<br>Suite 217<br>Brooklyn, NY 11205 | | **Professional Fees** | **Unliquidated** | | | $3,500.00 |
| **Kutak Rock LLP**<br>P.O. Box 30057<br>Omaha, NE 68103 | | **Trade** | **Unliquidated** | | | $861.00 |

| Debtor | **Midway Market Square Elyria LLC** | | Case number *(if known)* | | | |
|---|---|---|---|---|---|---|
| Name | | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **North Coast Fire Protection In 1260 North Park Avenue Warren, OH 44483** | | **Trade** | **Unliquidated** | | | $710.00 |
| **Maintenance System of N. Ohio 42208 Albrecht Rd. #1 Elyria, OH 44035** | | **Trade** | **Unliquidated** | | | $237.24 |
| **Space Comfort Co. 5201 Clark Avenue Cleveland, OH 44102** | | **Trade** | **Unliquidated** | | | $185.95 |

# EXHIBIT B

# MIDWAY MARKET SQUARE ELYRIA LLC

# LIST OF FIVE (5) LARGEST SECURED CREDITORS

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Midway Market Square Elyria LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                       :
                                                             :  Chapter 11
MIDWAY MARKET SQUARE ELYRIA LLC,                             :
                                                             :  Case No.: 20-23142 (    )
                    Debtor.                                  :
------------------------------------------------------------ x

# LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS

Following is a list of the debtor's creditors holding the 5 largest secured claims. The list is prepared in accordance with Rule 1007-2(a)(5) of the Local Rules of this court for the filing in this Chapter 11 case.

| NAME OF CREDITORS AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) OF EMPLOYEE, AGENT, OR DEPARTMENT (IF DIFFERENT FROM MAILING ADDRESS) OF CREDITOR FAMILIAR WITH CLAIM | AMOUNT OF CLAIM | DESCRIPTION AND EST. VALUE OF COLLATERAL SECURING CLAIM |
|---|---|---|---|
| Fortress Credit Co LLC<br>c/o Fortress Credit Group<br>1345 Ave of the Americas, 46th Fl.<br>New York, NY 10004 | | $18,000,000.00 | Mortgage |
| M.J. Griffith Paving Inc.<br>4570 French Creek Road<br>Sheffield Lake, OH 44054 | | $230,097.02 | Mechanic's Lien |

## DECLARATION UNDER PENALTY OF PERJURY

      I, Chaim Lobl, the vice president of managing member of the Debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding the five (5) largest secured claims and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
         October 27, 2020

                                              /s/ Chaim Lobl
                                              Chaim Lobl
                                              *Vice President of Managing Member of*
                                              *Midway Market Square Elyria LLC*

# EXHIBIT C

# MIDWAY MARKET SQUARE ELYRIA LLC

# SUMMARY OF ESTIMATED ASSETS AND LIABILITIES (UNAUDITED)

## ASSETS

| | |
|---|---|
| Real Estate | $25,000,000.00 |
| **Total Assets** | **$25,000,000.00** |

## LIABILITIES

| | |
|---|---|
| Mortgage Payable (Secured) | $18,000,000.00 |
| Unsecured Trade Claims | $187,469.97 |
| Loans Insiders | $1,800,000.00 |
| **Total Liabilities** | **$19,987,470.00** |

# EXHIBIT D

# MIDWAY MARKET SQUARE ELYRIA LLC

| Location of Debtor's Substantial Assets |
|---|
| 1180 West River Road<br>Elyria, OH 44035 |

| Location of Debtor's Books and Records |
|---|
| Madison Properties USA LLC<br>3611 14th Avenue<br>Suite 420<br>Brooklyn, NY 11218 |

# EXHIBIT E

# MIDWAY MARKET SQUARE ELYRIA LLC

# SIGNIFICANT LITIGATION COMMENCED AGAINST THE DEBTOR PRIOR TO THE PETITION DATE

| Title of Action | Court | Nature of Action | Status |
|---|---|---|---|
| Fort CRE 2018-1 Issuer LLC vs. Midway Market Square Elyria LLC Case No.: 20CV201387 | Lorain County Court of Common Pleas | Foreclosure | Pending |

# EXHIBIT F

# MIDWAY MARKET SQUARE ELYRIA LLC

# DEBTOR'S EXISTING SENIOR MANAGEMENT

| Name/Position | Summary of Responsibilities and Experience |
|---|---|
| Chaim Lobl/ Vice President of Managing Member | All financial aspects of the Debtor's operations. |

# EXHIBIT G

## MIDWAY MARKET SQUARE ELYRIA LLC

**DEBTOR'S ESTIMATED CASH DISBURSEMENTS AND RECEIPTS FOR THE 30-DAY PERIOD FOLLOWING THE PETITION DATE**

| | |
|---|---|
| Cash Receipts | $190,000.00 |
| Cash Disbursements | $931,562.94 |
| Net Cash Gain (Loss) | ($741,562.94) |